IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | BANKRUPTCY NO. 18-11895(JKF) |
| JASON MICHAEL BOYCHUCK | CHAPTER 13 |
| Debtor | |

**STIPULATION RESOLVING ALLY BANK'S
OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13
PLAN AND DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 2-1**

THIS MATTER having been brought before the Court on the Objections of Ally Bank to Confirmation of Debtor's Chapter 13 Plan and Debtor's Objection to Proof of Claim No. 2-1 and All Bank's response thereto, by Lavin, O'Neil, Cedrone & DiSipio, attorneys for Ally Bank and W. J. Winterstein, Jr., Esquire attorney for debtor, Jason Michael Boychuck (the "Debtor"), having consented to the entry of the within Order, and for good cause shown; state as follows:

(a) The Debtor financed the purchase of a 2013 Honda Civic, VIN: 19XFB2F56DE230206 (the "Vehicle") pursuant to the terms of a Retail Installment Sale Contract dated June 3, 2016 (the "Contract") which has been assigned to Ally Bank; and

(b) Pursuant to the Contract, Ally Bank maintains a perfected security interest in and to: (a) the Vehicle; (b) accessories, equipment and replacement parts installed in the Vehicle; and (c) service contracts on the Vehicle; and

(c) Debtor desires to retain possession of the Vehicle; and

(d) Counsel for Debtor and counsel for Ally Bank wish to resolve the Ally Bank's Objections to the Debtor's Plan and Debtor's Objection to Proof of Claim No. 2-1 and allow Debtor's Chapter 13 to be confirmed.

NOW THEREFORE, in consideration of the above, Ally Bank and the Debtor STIPULATE AND AGREE as follows:

1. The Debtor shall amend his plan to pay Ally Bank $15,207.24 plus 8.99% interest over the sixty month plan for a total of $18,936.21 through the Chapter 13 Plan.

2. The Debtor shall amend the plan within thirty (30) days to incorporate the terms of this Stipulation.

3. Ally Bank shall retain its lien until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge, whichever is earlier.

4. Ally Bank's objections to Confirmation of the Debtor's Chapter 13 Plan are hereby withdrawn.

5. If for any reason Debtor(s)' case is closed, terminated, dismissed or converted, the parties hereto agree and acknowledge that the terms of this agreed/stipulated order will be null and void and the parties are returned to the status quo with their respective rights under state law and the Contract.

6. This Stipulation may be executed by facsimile and such facsimile signatures shall be deemed as originals.

7. The signature pages of this Stipulation may be executed in counterpart, and all such signature pages, when attached, shall constitute the entire document.

CONSENTED TO BY:

DATED: 9/20/2018

W. J. WINTERSTEIN, JR., ESQUIRE
Attorney for the Debtor

CONSENTED TO BY:

DATED: 9/20/2018

REGINA COHEN, ESQUIRE
Attorneys for Ally Bank

CONSENTED TO BY:

DATED: 9/21/18

WILLIAM C. MILLER
Chapter 13 Trustee

The foregoing stipulation is approved on

September 24, 2018

JEAN K. FITZSIMON
United States Bankruptcy Judge

2033361v1

3