IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE: JASON MICHAEL BOYCHUCK,** ) | Chapter 13 | |
| ) | | |
| ) | Bk. No. 18-11895-AMC | |
| **Debtor** ) | | |

### DEBTOR'S ANSWER TO TRUSTEE'S MOTION TO DISMISS

Jason Michael Boychuck, the above-named Debtor, by and through his undersigned counsel, objects to the foregoing Motion to Dismiss filed by the Chapter 13 Trustee ("Trustee"), and in support hereof, avers as follows:

1. Admitted.

2. Admitted.  The Debtor's Plan was confirmed by Order entered November 29, 2018, and Debtor has begun the final year of his confirmed five-year plan.

3. Admitted that, because the COVID-19 pandemic has directly and indirectly adversely affected Debtor's income for the calendar year 2021, Debtor has failed to pay a few Plan payments falling due by the due dates in the latter part of 2021.  However, by January 31, 2022, Debtor will have substantially cured the arrearages, and will make the final cure payment on or about February 12, 2022. In view of the policies underlying, as well as expressly stated, in 11 USC Section 1328(i), effective during the 2021 calendar year, Debtor should be permitted to cure, by payments, the 2021 arrearages in Plan payments, with the final cure payment to be made in mid-February, 2022.

4. The Debtor is the sole bread-winner for himself, his wife, and two children.

5. On or before February 28, 2022, the Debtor will receive the amount of $2,500 from his employer as additional compensation for the permanent placement of two persons with employment at other client businesses.

6. 11 USC Section 1328 (i) provided as follows:
"(i)Subject to subsection (d), after notice and a hearing, the court may grant a discharge of debts dischargeable under subsection (a) to a debtor who has not completed payments to the trustee or a creditor holding a security interest in the principal residence of the debtor if—

"(1) the debtor defaults on not more than 3 monthly payments due on a residential mortgage under section 1322(b)(5) on or after March 13, 2020, to the trustee or creditor caused by a material financial hardship due, directly or indirectly, by the coronavirus disease 2019 (COVID–19) pandemic; or . . .

7. Directly and indirectly, the COVID-19 pandemic caused a reduction in Debtor's earnings of approximately one-third, compared to the prior years.  Clearly, the policy of Section 1328(i) would discourage a dismissal of this case for the Debtor's inability to make timely plan payments during the latter part of 2021.

WHEREFORE, Debtor prays that the Motion to Dismiss filed by the Chapter 13 Trustee be denied, and that he be granted such other and further relief to which he may be entitled.

                                        Respectfully submitted,

                                        /s/ W.J. Winterstein, Jr.
                                        W.J. Winterstein, Jr.
                                        Law Office of W.J. Winterstein, Jr.
                                        PO Box 285

Boyertown, PA 19512
Tel: 484-415-0391
budwntr@gmail.com

Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE: JASON MICHAEL BOYCHUCK,** ) | | Chapter 13 |
| ) | | |
| ) | | Bk. No. 18-11895-AMC |
| **Debtor** ) | | |

**CERTIFICATE OF SERVICE**

    The undersigned, of lawful age, hereby certifies that on January 14, 2022, he caused true copies of the foregoing Answer to the Motion to Dismiss filed by the Chapter 13 Trustee, to be served upon the Chapter 13 Trustee and Trustee's counsel of record, and all other parties requesting notice, by electronic means and by First Class U.S. mail, postage prepaid.

    /s/W.J. Winterstein, Jr.