UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| Jason Michael Boychuck | : | Chapter 13 |
| | : | |
| Debtor | : | No. 18-11895-amc |

\* \* \* \* \* \* \*

**OBJECTION OF CHAPTER 13 TRUSTEE TO**
**FEE APPLICATION OF PRIOR COUNSEL FOR DEBTOR**

Scott F. Waterman, Esq., Standing Chapter 13 Trustee files this Objection to the Supplemental Fee Application of Compensation of W.J. Winterstein, Jr., Esquire, prior attorney for the Debtor, and in support thereof represents as follows:

1. This chapter 13 case was filed on March 20, 2018.

2. Debtor's counsel is seeking a supplemental fee award of $3,052.00 to represent the Debtor post confirmation in addition to the $4,000.00 in fees awarded by the Court in December 3, 2018, for a total fee in the amount of $7,072.00.

3. The statutory standards for allowance of counsel fees are set forth in 11 U.S.C. §330(a)(4)(B), which authorizes the court to allow reasonable compensation to the debtor's attorney in a chapter 13 case "based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." The "other factors" referred to include:

(1) the time expended;

(2) the rates charged;

(3) whether the services were necessary;

(4) whether the services were performed in reasonable amount of time

1

considering the nature of the issue or task involved;

(5) whether the professional is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(6) whether the compensation is reasonable considering the customary compensation charged by comparably skilled practitioners.

See Id. §330(a)(3)(A)-(F).

4. The procedure for allowance of supplemental compensation is set forth in Fed. R. Bankr. P. 2016(a) and Local Bankruptcy Rule 2016-3.

5. The application must set forth, inter alia, a detailed statement of "(1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a); see In re Smith, 331 B.R. 622, 633 (Bankr. M.D. Pa. 2005) (citing In re Fry, 271 B.R. 596, 602 (Bankr. C.D. Ill. 2001)).

6. In this case, the Application exceeds the "no-look" amount set forth in L.B.R. 2016-3(b).

7. Therefore, it must be analyzed under L.B.R. 2016-3. L.B.R. 2016-3 reiterates the requirements set forth in Fed. R. Bankr. P. 2016(a) by requiring applications to include a description of services performed that identifies each service separately in sufficient detail to allow evaluation of the benefit derived from the service, the date each service was performed and the time expended.

8. The moving party bears the burden of proof in establishing an entitlement to compensation. In re Rothman, 206 B.R. 99, 110 (Bankr. E.D. Pa. 1997).

9. Thus, requests for compensation may be disallowed or reduced if the moving party fails to identify each service separately and in sufficient detail in the application to provide

the court with enough information to make an informed review of the request. See, e.g., <u>In re Green Valley Beer</u>, 281 B.R. 253, 259 (Bankr. W.D. Pa. 2002) ("Courts have refused repeatedly to approve unitemized disbursements for services that are lumped together in a single entry, because such action inhibits the court from estimating the reasonableness of the individual services and their value to the debtor's estate"); <u>In re Jefsaba, Inc.</u>, 172 B.R. 786, 801 (Bankr. E.D. Pa. 1994) ("only time entries separately listed and explained in detail are compensable").

10. The Trustee objects to Debtor's counsel's Supplemental Fee Application for the following reasons:

a. It just lumps together total hours and fails to attach any detailed hourly time records, showings dates and specific time expended) evidencing whether the it was reasonable to spend 6.8 hours defending two (2) Trustee Dismissal Motions due to non payment (the first filed April 19, 2021 and the second filed January 4, 2022);

b. It fails to provide detailed hourly time records evidencing it was reasonable for counsel to spend 4.5 hours resolving a Motion for Relief in 2021.

c. It fails to comply with Local Bankruptcy Rule 2016-3(b) by not using the appropriate Local Form for Supplemental Fees. L.B.R. 2016-3C.

d. The additional fees requested will reduce the amount of money to be paid to unsecured creditors requiring the Plan to be modified.

11. Accordingly, it is believed that Debtor's prior counsel's fee application is excessive and or unreasonable and should be denied in its entirety.

**WHEREFORE**, Scott F. Waterman, Esq., Chapter 13 Trustee, respectfully requests that the fee application be denied.

Respectfully submitted:

Date:  August 8, 2022

*/s/Ann E. Swartz*
 Ann E. Swartz, Esquire
For
Scott F. Waterman, Trustee
2901 St. Lawrence Avenue, Suite 100
Reading, PA  19606
Telephone:  (610) 779-1313